UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        – against –               16-cr-262 (JGK)

SADIN TINEO,                    MEMORANDUM OPINION
                                       AND ORDER

                    Defendant.
_____

JOHN G. KOELTL, District Judge:

The pro se defendant, Sadin Tineo, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), alleging that certain intervening changes in law affecting the U.S. Sentencing Guidelines' career-offender provision amount to an extraordinary and compelling justification for a sentence reduction. For the reasons below, the motion is **denied** without prejudice.

On April 27, 2017, the defendant pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The Pre-Sentence Report ("PSR") indicated that the defendant had acted as an organizer of a conspiracy to commit the armed robbery of a drug dealer, during which the defendant's co-conspirators seized a box of heroin and attempted to flee in a vehicle registered to the defendant's name. The PSR stated that the defendant had two prior felony convictions for a Hobbs Act robbery conspiracy and a narcotics conspiracy, which, together with the new Hobbs Act robbery conspiracy conviction, rendered the defendant a "career

offender" pursuant to § 4B1.1(b)(3) of the Sentencing Guidelines. With this career-offender enhancement taken into account, the applicable Sentencing Guidelines range was 151 to 188 months of imprisonment, and the defendant stipulated to that Sentencing Guidelines range in his plea agreement.

At sentencing, the Court adopted the PSR's factual findings and carefully considered the various factors set forth under 18 U.S.C. § 3553(a), including the nature of the offense, the need for individual deterrence in light of the defendant's criminal history, and a range of mitigating circumstances. See Sentencing Tr., ECF No. 102, at 12-18. The Court then applied a substantial downward variance from the applicable Guidelines range, resulting in a sentence of 103 months imprisonment. According to the Government, the defendant is now scheduled to be released from incarceration on August 2, 2023.

Section 3582(c)(1)(A) provides that a district court may reduce a term of imprisonment after considering the factors set forth in Section 3553(a), to the extent they are applicable, if the court determines that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense and the appropriate purposes of punishment; (3) the kinds

of sentences available; (4) the Guidelines range; (5) any policy statement by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution. Id. § 3553(a).[1]

In this case, the defendant moves for compassionate release on the grounds that extraordinary and compelling reasons warrant a reduction in his sentence. However, Section 3582 also requires that the defendant exhaust his administrative remedies, which requires, at the very least, making a request for compassionate release to the Bureau of Prisons and waiting for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). In this case, the defendant admits that he has failed to make such a request, see Def.'s Motion, ECF No. 160, at 1-2, and the Government urges this Court to deny the application for compassionate release on that basis alone. While the exhaustion requirement of Section 3582(c)(1)(A) is not a jurisdictional limitation but rather a "claim-processing rule that may be waived or forfeited by the government," United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021), the Government has neither waived nor forfeited the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

requirement here. Accordingly, the defendant's motion should be denied on that basis alone. See, e.g., United States v. Diaz, No. 90-cr-861, 2022 WL 17090613, at *2 (S.D.N.Y. Nov. 21, 2022) (a district court "may not excuse [the] defendant's failure to comply at all with . . . [this] mandatory exhaustion requirement" where "the government properly invoke[d] it"); United States v. Scott, No. 13-cr-271, 2022 WL 7108954, at *1 (S.D.N.Y. Oct. 11, 2022) ("Because the Government has not waived or forfeited [Section 3582(c)(1)(A)'s] exhaustion requirement, the motion must be dismissed, without prejudice, for a failure to exhaust[.]").

In any event, the defendant's motion for compassionate release would fail on the merits as well. The Government and the defendant agree that in light of intervening changes in law, a Hobbs Act robbery conspiracy conviction no longer qualifies as a "crime of violence" within the meaning of the career-offender sentencing provision, and that the defendant's Guidelines range would therefore be 84 to 105 months (down from 151 to 188 months) if he were sentenced today. Gov. Opp'n, ECF No. 164, at 5; Def.'s Reply, ECF No. 167, at 3; see United States v. Chappelle, 41 F.4th 102, 104 (2d Cir. 2022). The defendant argues that this intervening change in the law constitutes an extraordinary and compelling justification for his release. However, assuming that the Guidelines range would indeed be lower today because Hobbs

Act robbery conspiracy is no longer a "crime of violence" under the career-offender provision of the Sentencing Guidelines, the Section 3553(a) factors still counsel strongly in favor of denying the motion.

In determining the defendant's sentence, the Court varied downwardly from the then-applicable Sentencing Guidelines range of 151 to 188 months, taking all of the Section 3553(a) factors into account. The Court considered both the seriousness of the robbery conspiracy for which the defendant was being sentenced as well as the defendant's role as an organizer. The Court also noted that the defendant had served two previous sentences of 55 months and 79 months for other serious felonies, but those terms of imprisonment were insufficient to deter the defendant from engaging in further criminal activity. The sentence of 103 months was incrementally longer by 24 months compared to the defendant's most recent previous sentence. These considerations were balanced against several mitigating factors, including the effect of imprisonment on the defendant's family and the likelihood that the defendant, after serving his sentence, would be incarcerated in immigration custody pending removal from the United States. Indeed, the Court varied downwardly at sentencing

precisely to account for that additional prospective period of incarceration.[2]

In light of these factors, the sentence that the Court originally imposed was sufficient but no greater than necessary to fulfill the goals of sentencing pursuant to 18 U.S.C. § 3553, and it remains so today. A sentence reduction would be inconsistent with the seriousness and circumstances of the offense, the defendant's significant criminal history, and the ongoing need to ensure adequate deterrence. Thus, the Section 3553(a) factors weigh strongly in favor of maintaining the current sentence and denying the defendant's motion for compassionate release.[3]

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed above, the arguments are either moot or

---

[2] It also bears mention that the prison term originally imposed on the defendant is less than 105 months, which the parties have identified as the upper limit of the Guidelines range that would apply today.

[3] In his reply papers, the defendant argues for the first time that the increased risk of contracting COVID-19 while in prison supports his request for compassionate release. The defendant does not provide any specific information suggesting that he is at heightened risk of serious complications from COVID-19, that the facility where he is confined has failed to adopt reasonable protective measures, or that he is unable to receive a vaccine. See Scott, 2022 WL 7108954, at *1 ("Courts in this district have repeatedly denied motions for compassionate release that are based only on a risk of contracting COVID-19, without accompanying conditions that make severe illness more likely.").

6

without merit. For the foregoing reasons, the defendant's motion for compassionate release pursuant to Section 3582(c)(1)(A)(i) is **denied** without prejudice. The Clerk is respectfully directed to close ECF No. 160, to mail a copy of this Memorandum Opinion and Order to the pro se defendant, and to note such mailing on the docket.

**SO ORDERED.**

Dated:      **New York, New York**
            **January 28, 2023**

                                        **John G. Koeltl**
                                 **United States District Judge**